07-5727-ag
Ruiz v. Mukasey

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2007

(Submitted: June 3, 2008                                   Decided: January 12, 2009)

Docket No. 07-5727-ag

_____

JEANETTE RUIZ and BENICIO RUIZ,

*Petitioners*,

-v.-

MICHAEL B. MUKASEY,
Attorney General of the United States, and
MICHAEL CHERTOFF,
Secretary of United States Department of Homeland Security,

*Respondents*.

_____

Before:          McLAUGHLIN, LIVINGSTON, *Circuit Judges*, and GERSHON, *District Judge*.[*]

Respondents move to dismiss for lack of jurisdiction Petitioners' petition for review of a

Board of Immigration Appeals decision dismissing Petitioners' appeal of the District Director's

denial of an I-130 petition. Although we have previously determined that we do not have jurisdiction

to consider the petition, we find that the interest of justice is better served by transfer to an

---

[*] The Honorable Nina Gershon, of the United States District Court for the Eastern District of New York, sitting by designation.

appropriate district court than by dismissal. Accordingly, for the reasons stated herein, the motion is DENIED and the case is TRANSFERRED pursuant to 28 U.S.C. § 1631 to the United States District Court for the District of Connecticut.

KEVIN E. DEHGHANI, ESQ., New Haven, CT, *for Petitioners*.

GREGORY G. KATSAS, Assistant Attorney General; CINDY S. FERRIER, Senior Litigation Counsel; MICHELLE G. LATOUR, Assistant Director; NAIRI M. SIMONIAN, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., *for Respondents*.

LIVINGSTON, *Circuit Judge*:

Respondents move to dismiss for lack of jurisdiction the petition filed by Jeanette and Benicio Ruiz ("Petitioners") for review of a November 30, 2007, decision of the Board of Immigration Appeals ("BIA") dismissing Petitioners' appeal from the January 3, 2007, decision of District Director Christina Poulos denying the I-130 petition filed by Benicio Ruiz, a citizen of the United States, for classification of Jeanette Ruiz as his spouse pursuant to 8 U.S.C. § 1154(a). As we have previously concluded that we do not have jurisdiction to review the Ruizes' petition, we must consider whether transfer to an appropriate district court pursuant to 28 U.S.C. § 1631 is permissible and would better serve the interest of justice than dismissal. Because we determine that a district court does possess jurisdiction to entertain a petition for review of the denial of an I-130 petition and that the interest of justice is best served by transfer, we deny the motion and transfer the petition for review to the United States District Court for the District of Connecticut.

**BACKGROUND**

In February 2001, Benicio Ruiz, a citizen of the United States and a resident of Connecticut, filed a Form I-130 "Petition for Alien Relative" on behalf of his wife, Jeanette Ruiz, an alien who is also a resident of Connecticut, seeking to have her classified as the spouse of a United States citizen. *See* 8 U.S.C. § 1154(a)(1)(A)(i) ("[A]ny citizen of the United States claiming that an alien is entitled to . . . immediate relative status . . . may file a petition with the Attorney General for such classification."); 8 U.S.C. § 1151(b)(2)(A)(i) (including "spouses" within the broad category of "immediate relatives"). Simultaneously, Jeanette Ruiz filed a Form I-485 "Application to Register Permanent Residence or Adjust Status," seeking to adjust her status to lawful permanent resident. *See* 8 U.S.C. 1255(a) ("The status of an alien who was inspected and admitted . . . into the United States . . . may be adjusted by the Attorney General, in his discretion . . . , to that of an alien lawfully admitted for permanent residence if . . . the alien makes an application for such adjustment . . . .").

In September 2006, the United States Citizenship and Immigration Services ("USCIS") denied Jeanette's I-485 application. The adjudicating officer determined that Jeanette had demonstrated a lack of credibility by presenting conflicting accounts of her manner of entry into the United States and had been involved with Benicio Ruiz in a marriage fraud scheme. In support of the second conclusion, the adjudicating officer noted that Gabriel Pardo, a United States citizen, had previously filed an I-130 petition on Jeanette's behalf, that Jeanette had been unable to present evidence demonstrating that her marriage to Pardo was bona fide, that a subsequent investigation had revealed evidence that she was in fact the common law wife of Benicio Ruiz, and that she had confessed to having married Pardo for the sole purpose of obtaining entry to the United States.

3

Drawing upon these conclusions, he exercised the discretion delegated to him by the Attorney General and refused to grant Jeanette lawful permanent resident status.

Also in September 2006, USCIS notified Benicio that, as a result of Jeanette's sham marriage to Pardo, it intended to deny Benicio's I-130 petition. *See* 8 U.S.C. § 1154(c) (barring approval of petition for immediate relative status submitted by alien who "has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States . . . by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws"). In January 2007, the District Director did in fact deny Benicio's I-130 petition on behalf of Jeanette, again citing her sham marriage to Pardo as the reason behind the denial.

Petitioners appealed only the District Director's denial of Benicio's I-130 petition, and not USCIS's denial of Jeanette's I-485 application, to the BIA, arguing that it was a denial of due process for the District Director to reject the petition without allowing them to view or rebut the evidence upon which she relied, that Jeanette's marriage to Pardo was bona fide, and that the petitioners never engaged in a scheme to obtain entry into the United States. The BIA dismissed Petitioners' appeal in November 2007, finding that the District Director's decision applied the correct legal standard, was supported by substantial evidence in the administrative record, and involved no deprivation of due process.

Petitioners filed the present petition in this Court for review of the BIA's decision to deny the I-130 petition in December 2007. Respondents moved to dismiss the petition for lack of jurisdiction, arguing that 8 U.S.C. § 1252(a)(1) grants this Court jurisdiction to review only "final

order[s] of removal" and that the denial of an I-130 petition does not constitute a final order of removal. In an order dated June 3, 2008, we agreed with Respondents that we lack jurisdiction over this case, but directed the parties to provide supplemental briefs addressing the issue of whether jurisdiction properly lies in an appropriate district court and, if so, whether this matter should be transferred to such a district court pursuant to 28 U.S.C. § 1631. The parties agreed that a district court could properly assert jurisdiction over this matter and that this Court may choose to transfer the matter. As a result, we consider here only whether, in accordance with the position of both parties, we should transfer the case rather than dismiss it.

**DISCUSSION**

Our prior determination that we lack jurisdiction over this case does not obligate us to grant the Government's motion to dismiss the petition. Pursuant to 28 U.S.C. § 1631, we may be required to transfer the matter to another court which may properly exercise jurisdiction over it. That section states:

> Whenever . . . an appeal, including a petition for review of administrative action, is . . . filed with . . . a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such . . . appeal to any other such court in which the . . . appeal could have been brought at the time it was filed . . . .

*Id.* As a result, we are required to transfer a case to another court when: (1) we lack jurisdiction over the case; (2) the transferee court would have possessed jurisdiction over the case at the time it was filed; and (3) transfer would be in the interest of justice. *See id.*; *see also Paul v. INS*, 348 F.3d 43, 46 (2d Cir. 2003) (holding that transfer is mandatory when all conditions are met). As we have already determined that we lack jurisdiction over the case, the first of these conditions is obviously satisfied.

The second condition for transfer, which requires that another court was capable of exercising jurisdiction at the time of filing, is more complicated.[1] In general, there is a "'strong presumption in favor of judicial review of administrative action.'" *Nethagani v. Mukasey*, 532 F.3d 150, 154 (2d Cir. 2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 298 (2001)). Indeed, the Administrative Procedure Act provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof," 5 U.S.C. § 702, unless review is precluded by statute or the complained-of decision was committed to agency discretion, *see id.* § 701(a). Unless otherwise provided, the district courts possess jurisdiction over such actions. *See* 28 U.S.C. § 1331; *Sharkey v. Quarantillo*, 541 F.3d 75, 84 (2d Cir. 2008) ("Because Section 1331 confers jurisdiction on the district courts, a suit that arises under the APA is properly brought in district court."). To the extent that it is not otherwise prohibited, then, a district court may properly exercise jurisdiction over this case.[2]

The authority of a court to review agency decisions in the immigration context, however, is expressly limited by 8 U.S.C. § 1252(a)(2)(B).[3] Clause (i) of that statute specifically precludes all

---

[1] Although both parties agree that a district court would have had jurisdiction over this case at the time of filing, that does not absolve us of our duty to determine independently whether a district court would have such jurisdiction. The parties cannot consent to the improper exercise of subject matter jurisdiction by a federal court. *See Kanacevic v. INS*, 448 F.3d 129, 133 n.1 (2d Cir. 2006).

[2] We note that the denial of an I-130 petition by the BIA constitutes final agency action subject to judicial review as "'the agency has completed its decisionmaking process . . . and . . . the result of that process . . . will directly affect the parties.'" *Sharkey*, 541 F.3d at 88 (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)).

[3] Neither 8 U.S.C. § 1252(b)(9) nor 8 U.S.C. § 1252(a)(5) is applicable here. 8 U.S.C. § 1252(b)(9) states that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order [of removal]." 8 U.S.C. § 1252(a)(5) indicates that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and

judicial review of "any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i). Clause (ii) provides further that courts lack jurisdiction over "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." 8 U.S.C. § 1252(a)(2)(B)(ii).

8 U.S.C. § 1154(a)(1)(A)(i), pursuant to which Benicio Ruiz filed his I-130 petition on behalf of Jeanette Ruiz, states that "any citizen of the United States claiming that an alien is entitled . . . to an immediate relative status . . . may file a petition with the Attorney General for such classification." 8 U.S.C. § 1154(b) further provides:

> After an investigation of the facts in each case, . . . the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative . . ., approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular officer concerned to grant the preference status.

Section 1154 is not one of the provisions enumerated in clause (i) of Section 1252(a)(2)(B). It is, however, included within "this subchapter," as that term is used in clause (ii). *See Guyadin v. Gonzales*, 449 F.3d 465, 468 (2d Cir. 2006) ("The phrase 'this subchapter' refers to subchapter II of Chapter 12 of Title 8 of the United States Code, which includes §§ 1151-1381."). The question, then, is whether a decision to grant relief under Section 1154 is "specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii).

exclusive means for judicial review of an order of removal." These provisions, however, do not preclude a district court from exercising jurisdiction over an action seeking review of the denial of an I-130 petition because such a denial is unrelated to any removal action or proceeding.

Although we have not previously had cause to consider this exact matter, the Fifth Circuit has done so. Prior to its case addressing Section 1154, the Fifth Circuit considered in *Yu Zhao v. Gonzales*, 404 F.3d 295 (5th Cir. 2005), whether a decision to deny a motion to reopen removal proceedings under 8 U.S.C. § 1229a(c) came within the ambit of 8 U.S.C. § 1252(a)(2)(B)(ii). Noting that Section 1252(a)(2)(B)(ii) "is uncharacteristically pellucid" in precluding jurisdiction only when a specified statute itself commits a particular decision to the discretion of the Attorney General, it held that the decision to deny a motion to reopen was not "*specified under this subchapter* to be in the discretion of the Attorney General" because the relevant statutory provisions "only set forth the standards for evaluating a motion to reopen; they do not furnish us with a level of deference to afford the Attorney General in making that evaluation." *Yu Zhao*, 404 F.3d at 302-03. In *Ayanbadejo v. Chertoff*, 517 F.3d 273 (5th Cir. 2008), the Fifth Circuit extended this reasoning to the context of an I-130 petition. Relying on *Yu Zhao*, the court held that judicial review of the denial of such an application was available because the language of Section 1154 does not specify expressly that such a decision is committed to the Attorney General's discretion. *Id.* at 277-78.

Our own case law strongly supports the Fifth Circuit's approach. In *Nethagani v. Mukasey*, 532 F.3d 150 (2d Cir. 2008), we considered whether 8 U.S.C. § 1252(a)(2)(B)(ii) relieved us of jurisdiction to review an agency determination that an alien was ineligible for relief from removal under 8 U.S.C. §§ 1158(b)(2)(A)(ii) and 1231(b)(3)(B)(ii) because he had been convicted of a "particularly serious crime." *Nethagani*, 532 F.3d at 152. We initially turned to the text of the relevant statutory provisions, which require respectively that the Attorney General "'determine[]'" and "'decide[]'" whether an alien "'has been convicted by a final judgment of a particularly serious crime.'" *See id.* (quoting 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii)). Considering this language, we stated that "[t]he question is not whether these inquiries require an exercise of

8

discretion. They probably do." *Id.* at 154. Rather, the important question is "whether the text of the subchapter in which [the relevant provisions] appear 'specifie[s]' that the 'decision' is 'in the discretion of the Attorney General.'" *Id.* (second alteration in original) (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)). We determined that Sections 1158(b)(2)(A)(ii) and 1231(b)(3)(B)(ii) do not so specify because they lack "additional language specifically rendering that determination to be within [the agency's] discretion (*e.g.*, 'in the discretion of the Attorney General,' 'to the satisfaction of the Attorney General,' etc.)." *Id.* at 154-55. In *Nethagani*, then, we articulated a standard for determining whether Section 1252(a)(2)(B)(ii) precludes review of a particular decision that is substantially similar to that adopted by the Fifth Circuit in *Yu Zhao*.

Like the provisions at issue in *Nethagani*, Section 1154 does not specify that a determination as to whether an alien is eligible for classification as an immediate relative of a United States citizen is "in the discretion of the Attorney General," or that an applicant must prove eligibility for classification "to the satisfaction of the Attorney General." *See Nethagani*, 532 F.3d at 154-55. Rather, it merely requires the Attorney General to "determine[]" whether the facts alleged in a petition are true, and to "determine[]" whether, based on those facts, an alien meets the legal definition of "immediate relative." 8 U.S.C. § 1154(b). As such, it does not contain "additional language specifically rendering [these] determination[s] to be within [the Attorney General's] discretion."[4] *Nethagani*, 532 F.3d at 154. It "only set[s] forth the standards for evaluating [an I-130

---

[4] We note that this reasoning would not apply to a denial of an I-485 application for adjustment of status to that of a lawful permanent resident. Determinations regarding such applications are made pursuant to 8 U.S.C. § 1255(a) and 8 U.S.C. § 1252(a)(2)(B)(i) expressly states that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under [8 U.S.C. §] 1255." As a result, 8 U.S.C. § 1252(a)(2)(B)(i) eliminates district court jurisdiction to review the denial of an I-485 application. *See Ayanbadejo*, 517 F.3d at 276-77. We also note, however, that this jurisdictional bar would not apply to petitions raising "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

9

petition]; [it does] not furnish us with a level of deference to afford the Attorney General in making that evaluation." *Yu Zhao*, 404 F.3d at 303. Section 1252(a)(2)(B)(ii), then, does not preclude judicial review of the denial of Benicio Ruiz's I-130 petition pursuant to Section 1154(b), and a district court may properly exercise jurisdiction over this case.[5]

Even though a district court would have possessed jurisdiction over this case at the time of filing, however, it is still necessary for transfer that the third condition imposed by Section 1631, that any transfer be "in the interest of justice," be satisfied. When considering whether a transfer would serve the interest of justice, we must weigh "the equities of dismissing a claim when it could be transferred." *Liriano v. United States*, 95 F.3d 119, 122 (2d Cir. 1996). "Factors militating for a transfer include a finding that a new action filed by the litigant would be barred as untimely, and a finding that the original action was filed in good faith." *Id.* (citations omitted). Here, the record contains no indication whatsoever that Petitioners acted in bad faith by asserting their claims in this Court instead of in a district court. Additionally, although Petitioners' claims likely would be timely if filed anew in the district court, a transfer would expedite their review, thereby furthering the interest of justice. *See id.* at 122-23 (employing transfer to avoid delay in resolution of successive habeas corpus petitions); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Normally

---

[5] Our conclusion does not imply that all decisions relevant to I-130 applications are necessarily subject to judicial review. Indeed, Section 1154 indicates that at least some occasionally relevant determinations are committed to the agency's discretion. For example, factual determinations regarding whether an applicant convicted of an offense against a minor will pose a risk to the alien on whose behalf an I-130 application is filed are committed to the "unreviewable discretion" of the Secretary of Homeland Security. *See* 8 U.S.C. § 1154(a)(1)(A)(viii), (a)(1)(B)(i). Additionally, decisions regarding whether to credit and how to weigh evidence supporting a petition made by an applicant claiming to be a battered spouse or child are within the "sole discretion of the Attorney General." *See id.* § 1154(a)(1)(J). As nothing in the record indicates that Benicio Ruiz committed an offense against a minor, or that Jeanette Ruiz filed a self-petition as a battered spouse, we need not decide here whether any court would have jurisdiction to review petitions concerning such determinations.

transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962))). Furthermore, likely as a result of these considerations, the parties are in agreement that transfer would be desirable here. Given each of these factors, we conclude that the interest of justice is better served by transfer to an appropriate district court than by dismissal.

Each of the three conditions for transfer is therefore satisfied, making transfer to an appropriate district court, rather than dismissal, mandatory. *See Paul*, 348 F.3d at 46. As Petitioners are residents of Connecticut, the most appropriate district court is the United States District Court for the District of Connecticut. *See* 28 U.S.C. § 1391(e).

**CONCLUSION**

For all of the foregoing reasons, Respondents' motion to dismiss is **DENIED** and the case is **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States District Court for the District of Connecticut.