10-3171-ag
Torres-Castillo v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of June, two thousand eleven.

PRESENT: ROGER J. MINER,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges.*

---------------------------------------------------------------

VICTOR TORRES-CASTILLO,
*Petitioner*,

v.                                                           No. 10-3171-ag

ERIC H. HOLDER, JR., United States Attorney General,
*Respondent.*

---------------------------------------------------------------

FOR PETITIONER:       Anne E. Doebler, Esq., Buffalo, New York.

FOR RESPONDENT:       Edward E. Wiggers, Trial Attorney (Tony West, Assistant Attorney General; Mary Jane Candaux, Assistant Director, *on the brief*), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Victor Torres-Castillo, a citizen of Mexico, seeks review of a July 7, 2010 order of the BIA affirming the June 5, 2009 decision of immigration judge ("IJ") Michaelangelo Rocco concluding that he is removable as an alien who entered the United States without being admitted or paroled, see 8 U.S.C. § 1182(a)(6)(A)(i) (2006), and, therefore, ineligible for adjustment of status, see id. § 1255(a); In re Torres-Castillo, No. A088 741 082 (B.I.A. Jul. 7, 2010), aff'g No. A088 741 082 (Immig. Ct. Buffalo, N.Y. June 5, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the IJ's decision and offers additional commentary, we review the IJ's decision as supplemented by the BIA. See Mahmood v. Holder, 570 F.3d 466, 469 (2d Cir. 2009). Although we lack jurisdiction to review a discretionary denial of adjustment of status, see 8 U.S.C. § 1252(a)(2)(B)(i) (2006); Ruiz v. Mukasey, 552 F.3d 269, 275 n.4 (2d Cir. 2009), we retain jurisdiction to review "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D) (2006), including whether an alien is eligible for adjustment of status, see Aslam v. Mukasey, 537 F.3d 110, 115 (2d Cir. 2008). Because the question of eligibility for adjustment of status is one of law, our standard of review is de novo. See Lecaj v. Holder, 616 F.3d 111, 114 (2d Cir. 2010).

Torres-Castillo contends that his release from Department of Homeland Security ("DHS") custody upon posting a $1,500 bond, see 8 U.S.C. § 1226(a)(2)(A) (2006), constituted "parole into the United States," id. § 1182(d)(5)(A), such that he is (1) no longer inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), and (2) eligible for adjustment of status under 8 U.S.C. § 1255(a). In support of this claim, he submits that "there is only one source

2

of parole authority which is found in 8 U.S.C. § 1182(d)(5) and that any release of an applicant for admission is a parole pursuant to" that provision of the Immigration and Nationality Act ("INA"). Appellant's Br. at 19–20. This argument is foreclosed by our recent decision in Cruz-Miguel v. Holder, --- F.3d ----, 2011 WL 1565847 (2d Cir. Apr. 27, 2011), and the BIA's precedential opinion in In re Castillo-Padilla, 25 I. & N. Dec. 257 (B.I.A. 2010).

In Cruz-Miguel, we explicitly rejected the "unitary view of parole" under the INA upon which Torres-Castillo's claim rests, see 2011 WL 1565847, at *1 n.4, and held that Congress did not intend to extend eligibility for adjustment of status to aliens who, like Torres-Castillo, are released from DHS custody under 8 U.S.C. § 1226(a)(2) pending a final removability determination, see id. at *8–9. Further, unlike the petitioners in Cruz-Miguel who were released from custody on "conditional parole," see id. at *1, Torres-Castillo was required to post a bond to secure his release, which renders any claim that he was "paroled" into the United States even less tenable than that of the Cruz-Miguel petitioners. Accordingly, the BIA did not err in concluding that Torres-Castillo was removable and ineligible for adjustment of status.[1]

---

[1] The BIA further concluded that it lacked jurisdiction to consider Torres-Castillo's constitutional challenge to the INA and immigration regulations. Torres-Castillo has abandoned this challenge by failing to raise it in his brief to this court. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n.1 (2d Cir. 2005); see also Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

We have considered Torres-Castillo's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition is DENIED. As we have completed our review, any stay of removal that the court previously granted in this petition is VACATED and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court