**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-2474**

ASHTON JOSEPH LEBLANC; ROBERT LEBLANC,

      Petitioners,

      v.

ERIC H. HOLDER, JR., Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued:  March 24, 2015          Decided:  April 21, 2015

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Dismissed by published opinion.  Judge Shedd wrote the opinion, in which Judge Duncan and Judge Agee joined.

**ARGUED:** Steffanie Jones Lewis, Albert Zelius Lewis, Jr., THE INTERNATIONAL BUSINESS LAW FIRM, PC, Washington, D.C., for Petitioners.  Aimee J. Carmichael, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.  **ON BRIEF:** Joyce R. Branda, Acting Assistant Attorney General, Civil Division, Mary Jane Candaux, Assistant Director, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

SHEDD, Circuit Judge:

Ashton LeBlanc petitions for review of the denial of his motion to reopen the denial of an I-130 petition filed on behalf of his son, Robert. Because we lack jurisdiction over Ashton's petition, and because transfer to an appropriate district court is not in the interests of justice, we dismiss.

I.

Ashton, an 84-year-old Louisiana resident, spent his adult working life on off-shore oil rigs. From 1968 to 1978, he was posted in Nigeria. During his time there, Ashton entered into a relationship with Victoria Efueye. Their relationship resulted in a son, Robert LeBlanc, born on September 6, 1970. Ashton is recorded as the father on the birth certificate, and he attended Robert's "Naming Day" celebration, a traditional acknowledgement of parentage in Nigeria. Until Ashton was reassigned in 1978, he lived with Robert and Victoria (while on-shore) and provided financial support for Robert. Despite this long-term relationship, Ashton and Victoria never married.[1]

In 2001, Robert entered the United States on a visitor's visa to see his father. During this visit, and in light of civil strife in Nigeria, Robert and Ashton decided that Robert should

---

[1] Ashton was married to a woman in the United States at the time.

2

remain in the United States. Ashton retained an attorney, Stuart Snyder, to file the appropriate paperwork to have Robert declared a United States citizen. Ashton then completed and submitted to his attorney a Form N-600, Application for Certificate of Citizenship. Snyder instead filed a Form I-130, a petition for an adjustment of status for an alien relative, for Ashton on behalf of Robert. The I-130 was filed in 2002 and was denied in May 2007 for failure to submit further documentation. Snyder filed an appeal of the denial but never filed a brief or any further materials. The BIA, without opinion, denied the appeal in November 2007.

From 2007 to 2012, Ashton and Robert remained in contact with Snyder about the appeal and were assured that the matter was moving forward. Sometime in 2011, Ashton contacted a second attorney to check the status of Robert's citizenship. That attorney contacted Snyder and, satisfied with his responses, replied to Ashton that everything was being handled properly. Ashton—who was by this point in his 80s—grew more frustrated and eventually hired yet another attorney (current counsel). That attorney quickly uncovered Snyder's deficient performance and moved to reopen the denial of the I-130 petition with the BIA on the grounds of ineffective assistance of counsel.

In November 2013, the BIA denied the motion to reopen, concluding that Ashton failed to show due diligence after

3

contacting the second attorney in 2011. The BIA reasoned, in part, that Ashton "has not made a claim of ineffective assistance of counsel against this second attorney." (J.A. 4). Ashton filed a timely petition for review.

## II.

Before we can address the merits of Ashton's petition for review, we must determine if we have jurisdiction over it. See Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) (noting courts have "independent obligation to assess . . . subject-matter jurisdiction"). In the immigration context, our jurisdiction is strictly constrained, and we are generally limited to reviewing "a final order of removal." 8 U.S.C. § 1252(a)(1). A "final order of removal" is an order in which the Attorney General (or his appropriate designee) "conclud[es] that the alien is deportable or order[s] deportation." 8 U.S.C. § 1101(a)(47)(A).

It is undisputed that Robert is not now and has never been in deportation proceedings. This petition for review is from Ashton's denied motion to reopen his visa petition, not an order of removal against Robert. Ruiz v. Mukasey, 552 F.3d 269, 273 (2d Cir. 2009) (noting dismissal of petition for review of I-130 denial for "lack [of] jurisdiction"); Fonseca-Sanchez v. Gonzales, 484 F.3d 439, 444 (7th Cir. 2007) ("Ancillary determinations made outside the context of a [removal]

4

proceeding . . . are not subject to direct review") (internal quotation marks omitted). Ashton contends that Robert would be subject to removal if proceedings were instituted against him, but that speculative possibility does not bestow jurisdiction over Ashton's petition for review of his motion to reopen the visa denial. Ashton also points to § 1252(b)(5), which permits a court of appeals to "decide" a "nationality claim" when there is "no genuine issue of material fact." That section does not create jurisdiction to hear Ashton's petition for review; instead, it simply signifies that if we have jurisdiction over a petition, we may decide nationality claims. We would be acting "<u>ultra vires</u>" were we to "consider[] the merits" of Robert's nationality claim when we lack jurisdiction over Ashton's petition for review. <u>Constantine</u>, 411 F.3d at 480. <u>See also</u> <u>Steel Co v. Citizens for a Better Env't</u>, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause" (internal quotation marks omitted)).

This outcome does not deprive individuals in Ashton's situation of judicial review. Relief from an adverse BIA action on an I-130 petition[2] may lie in the district court under the

---

[2] Although this is not a removal matter, the BIA's cover letter contains boilerplate language instructing that "[i]f the attached decision orders that you be removed," then "any petition for review of the attached decision must be filed with (Continued)

5

Administrative Procedures Act, which provides a right of action for an individual "suffering legal wrong because of agency action."[3] 5 U.S.C. § 702. Jurisdiction for such claims exists in the district court, 28 U.S.C. § 1331, and they must be brought within six years, 28 U.S.C. § 2401(a).

Accordingly, we lack jurisdiction over Ashton's petition for review.[4] In the normal course of events, our disposition would be to dismiss the petition for review. However, we requested the parties to brief the possible application of 28 U.S.C. § 1631 to this case. That statute provides, in relevant part, that when an appeal "including a petition for review," is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which . . . the action could have been brought at the time it was filed or noticed."

In _Ruiz_, the Second Circuit, _sua sponte_, raised § 1631 in a case involving a petition for review of an I-130 filing. _Ruiz_,

_____

and received by the appropriate court of appeals within 30 days." (J.A. 2).

[3] Indeed, the Second Circuit held in _Ruiz_ that the district court would have jurisdiction over a petition for review of the denial of an I-130 petition. 552 F.3d at 273-76.

[4] Even if we did have jurisdiction, it is unclear that venue would lie in the Fourth Circuit. Ashton resides in Louisiana, and the I-130 was denied by an office in California.

552 F.3d at 273. The court held that transfer, rather than dismissal, was appropriate when: (1) the appellate court lacks jurisdiction; (2) the transferee court would have possessed jurisdiction over the case at the time it was filed; and (3) transfer is in the interests of justice. Id. In determining the "interests of justice" prong, the court examined whether a new action by the litigant would be time barred and whether the appeal was filed in good faith. Id. at 276. The court found that a district court would possess jurisdiction over the appeal of a denial of an I-130 petition, and that the interests of justice militated in favor of transfer because any action would be time barred. Several circuits, albeit in unpublished decisions, have followed Ruiz's lead and applied § 1631 to petitions of review in immigration cases. See Sung Kwok Chan v. Holder, 494 F. App'x 702 (8th Cir. 2012) (I-130 petition); Zamora v. Holder, 481 F. App'x 232 (5th Cir. 2012) (I-130 petition).

We adopt the approach employed by the Ruiz court. By its own language § 1631 extends to petitions for review and the statute serves to "remedy" a "good faith mistake" by a litigant, a situation that can arise in the immigration context. Kopp v. Dir., Office of Workers' Comp. Programs, 877 F.2d 307, 309 (4th Cir. 1989). Thus, transfer is appropriate in petitions for review from the BIA as long as the statute's three factors are met: the original court lacks jurisdiction; another court would

7

have possessed jurisdiction at the time of filing; and the interests of justice favor transfer. McCook Metals LLC v. Alcoa, Inc., 249 F.3d 330, 334 (4th Cir. 2001). Applying those factors here, however, we do not believe the "interests of justice" require transfer. While Ashton is acting in good faith, pursuing the denial of the motion to reopen the I-130 proceedings in the district court is, given the remedy he is seeking, fruitless. See Sorcia v. Holder, 643 F.3d 117, 123 (4th Cir. 2011) (noting "whether or not the suit has any possible merit bears significantly" on the interests of justice) (internal quotation marks omitted). Ashton has made pellucid his desire to help his son Robert gain United States citizenship. An I-130 petition does not and cannot lead to that result. As the Government notes in its brief: "To date, no factfinder has ever reviewed Robert's claim of citizenship because Robert has never filed the appropriate forms." (Gov't Br. at 12).[5] To the extent that Ashton wants his son to gain citizenship while Ashton is alive, the interests of justice are best served by terminating this

---

[5] The Government represented in its brief and at argument that Robert should file an N-600 form on his own behalf and that the denial of Ashton's I-130 has no effect on the consideration of Robert's N-600. The Government further represented at argument that adjudication of Robert's N-600 form would typically be completed within 6 months.

8

litigation because its continuation wastes judicial resources while moving Ashton and Robert no closer to their goal.

### III.

Because we lack jurisdiction over Ashton's petition for review and transfer is inappropriate under § 1631, we dismiss the petition.

<u>DISMISSED</u>
