14-187
*Ronga v. Holder*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fourteen.

PRESENT:   ROBERT D. SACK,
           DENNY CHIN,
           SUSAN L. CARNEY,
                   *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CARL BRIAN RONGA,
                   *Petitioner*,

           v.                                                     14-187

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                   *Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:                      JAMES E. SWAINE, Law Offices of James E. Swaine, Hamden, Connecticut.

FOR RESPONDENT:                      CARMEL A. MORGAN, Office of Immigration Litigation, United States Department of Justice (Stuart F. Delery, Assistant Attorney General, Jennifer P. Levings, Office of Immigration Litigation, *on the brief*), Washington, D.C.

Petition for review of an order of the Board of Immigration Appeals of the United States Department of Justice.

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Carl Brian Ronga, a native and citizen of Kenya, petitions for review of the order of the Board of Immigration Appeals ("BIA") filed December 23, 2013, affirming the June 27, 2011 decision of the Immigration Judge ("IJ") denying his application for adjustment of status. The agency concluded that Ronga failed to establish that he did not falsely represent himself as a United States citizen. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). Although we lack jurisdiction to review a discretionary denial of adjustment of status, *see* 8 U.S.C. § 1252(a)(2)(B)(i); *Ruiz v. Mukasey*, 552 F.3d 269, 275 n.4 (2d Cir. 2009), we retain jurisdiction to review constitutional claims or questions of law raised in a petition for review, including whether an alien is eligible for

adjustment of status. We review such claims *de novo*. *See Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010); *Aslam v. Mukasey*, 537 F.3d 110, 114 (2d Cir. 2008) (per curiam). Additionally, we review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard of 8 U.S.C. § 1252(b)(4)(B). *See Mei Chai Ye v. United States Dep't of Justice*, 489 F.3d 517, 523-24 (2d Cir. 2007). This Court defers "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

To qualify for adjustment of status, an alien must demonstrate "clearly and beyond doubt," *Ibragimov v. Gonzales*, 476 F.3d 125, 131 (2d Cir. 2007), that he is "admissible to the United States for permanent residence," 8 U.S.C. § 1255(a)(2). "Any alien who falsely represents, or has falsely represented, himself or herself to be a citizen of the United States for any purpose or benefit [under the Act] . . . is inadmissible." 8 U.S.C. § 1182(a)(6)(C)(ii)(I). "[F]iling an I-9 employment eligibility form . . . count[s] as a 'purpose or benefit' triggering inadmissibility." *Richmond v. Holder*, 714 F.3d 725, 729 n.4 (2d Cir. 2013). Hence, to qualify for adjustment of status, Ronga had to demonstrate clearly and beyond doubt that he did not falsely represent himself to be a United States citizen when he filled out the I-9. *See Crocock v. Holder*, 670 F.3d 400, 403 (2d Cir. 2012) (per curiam).

We conclude that the IJ's adverse credibility finding against Ronga was supported by substantial evidence, and that Ronga did not demonstrate clearly and beyond doubt that he did not falsely represent himself to be a United States citizen.

Ronga testified that when he completed the Form I-9, he intended to represent only that he was a United States national and not that he was a United States citizen. The IJ found that Ronga's explanation was not credible because he testified inconsistently as to his understanding of the meaning of "national." The IJ also noted that the Form I-9 provided other options, including "aliens." Ronga testified initially in 2008 that he did not at that time know what "national" meant and that he had chosen the box on his Form I-9 through a "process of elimination" because the "other two options required some form of proof which [he] did not have." (ROA 240). He testified in 2010 that he had chosen that box on his Form I-9 because he thought that "national," which he understood at that time to mean "legally admitted to the United States," was the "best fit" for his situation. (ROA 331-32). And on remand in 2011, Ronga stated that his understanding of the term "national" varied over time. Although we are not convinced that Ronga's testimony about his understanding of the meaning of the word "national" at different points in time was inconsistent, Ronga's inconsistent testimony about his reason for checking the "U.S. Citizen or national" box provided a substantial basis for the IJ to conclude that Ronga's testimony "simply d[id] not add up," (ROA 51), and we therefore defer to the IJ's adverse credibility determination.

Finally, although Ronga offers a plausible explanation for his inconsistent testimony, he fails to demonstrate that the evidence compels a conclusion contrary to the one drawn by the IJ. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.") (emphasis in original) (internal quotation marks omitted). The IJ's conclusion that Ronga intended to represent himself as a United States citizen was not unreasonable.

\* \* \*

We have considered Ronga's remaining arguments and conclude they are without merit. Accordingly, we **DENY** Ronga's petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk