# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-3641

_____

Sung Kwok Chan; Wen Juan Chen

*Petitioner*s

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 5, 2012
Filed: December 11, 2012
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Petitioners Wen Juan Chen and Sung Kwok Chan seek review, under 8 U.S.C. § 1252 and the Administrative Procedures Act, of an order of the Board of Immigration Appeals (BIA), denying Wen Juan Chen's motion to reconsider or reopen a denial of her Form I-130 petition for alien relative, which she filed on behalf of Sung Kwok Chan, whom she identified as her brother.

Upon careful review, we conclude that we lack jurisdiction to review the merits of the BIA's order, but we further conclude that it would be both in the interest of justice and proper for us to transfer this matter to an appropriate district court. See 28 U.S.C. § 1631 (if court lacks jurisdiction over appeal, including petition for review, court shall, if it is "in the interest of justice," transfer such appeal to any other court in which appeal could have been brought at time it was filed); Ginters v. Frazier, 614 F.3d 822, 827 (8th Cir. 2010) ("we long ago decided the district courts have jurisdiction to review a decision on the merits of an I-130 petition to classify an alien as a relative of a United States citizen"); cf. Ruiz v. Mukasey, 552 F.3d 269, 273-76 (2d Cir. 2009) (concluding that appeals court lacked jurisdiction to review petition for review challenging denial of I-130 petition, but transferring case to district court pursuant to § 1631; factors favoring transfer include avoiding delay and good-faith conduct of petitioner). Finally, based upon the information in the record, we conclude that the United States District Court for the Southern District of New York is the appropriate court to address this matter. See 28 U.S.C. § 1391(e)(1)(C) (civil action, in which defendant is United States agency, may be brought in any judicial district in which plaintiff resides if no real property is involved in action).

Accordingly, this case is transferred to the United States District Court for the Southern District of New York.

_____