**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6352**

FRANCISCO ALBERTO MENA,

Petitioner - Appellant,

v.

WILLIAM P. BARR, Attorney General; KEVIN K. MCALEENAN, Acting Secretary, Department of Homeland Security; RONALD D. VITIELLO, Director, U.S. Immigration and Customs Enforcement; CRAIG CARPENITO, U.S. Attorney for the District of New Jersey; JEFFREY CRAWFORD, Warden, Farmville Detention Center; IMMIGRATION CENTER OF AMERICA-FARMVILLE,

Respondent - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:18-cv-01169-CMH-TCB)

Submitted:  August 13, 2019                          Decided:  August 22, 2019

Before GREGORY, Chief Judge, and WILKINSON and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francisco Alberto Mena, Appellant Pro Se.  Elizabeth A. Spavins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Alberto Mena, a native and citizen of the Dominican Republic, appeals the district court's order dismissing his 28 U.S.C. § 2241 (2012) petition for lack of subject matter jurisdiction. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *Mena v. Barr,* No. 1:18-cv-01169-CMH-TCB (E.D. Va. Mar. 4, 2019).[*] We deny Mena's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Although Mena claims that the district court disregarded his request to transfer his case to this court pursuant to 28 U.S.C. § 1631 (2012), Mena's removal order was not yet final at the time he filed his habeas petition in the district court. Thus, we would not have had jurisdiction over a petition for review at that time, and transfer would not have been appropriate. *See LeBlanc v. Holder,* 784 F.3d 206, 210 (4th Cir. 2015) (noting that "transfer is appropriate in petitions for review from the [Board of Immigration Appeals] as long as the statute's three factors are met: the original court lacks jurisdiction; another court would have possessed jurisdiction at the time of filing; and the interests of justice favor transfer").