**17-2307-cv**
*Pfizer Inc. & Subsidiaries v. United States*

# In the
# United States Court of Appeals
## For the Second Circuit

————

AUGUST TERM, 2017

ARGUED: FEBRUARY 13, 2018
DECIDED: SEPTEMBER 16, 2019

No. 17-2307-cv

PFIZER INC. & SUBSIDIARIES,
*Plaintiff-Appellant,*

*v.*

UNITED STATES OF AMERICA,
*Defendant-Appellee.*

————

Appeal from the United States District Court
for the Southern District of New York.
No. 16-cv-01870 – Lorna G. Schofield, *Judge.*

————

Before: WALKER, HALL, and LOHIER, *Circuit Judges.*

————

Pfizer Inc. and Subsidiaries ("Pfizer") appeals from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*) dismissing its claim against the United States for overpayment interest on its delayed tax refund. Because jurisdiction

over Pfizer's claim for overpayment interest lies exclusively with the United States Court of Federal Claims, we vacate the judgment of the district court and transfer this case to the Court of Federal Claims. Judge Lohier concurs in a separate opinion.

————

ROBERT S. WALTON, (Russell R. Young, Susan E. Ryba, *on the brief*), Baker & McKenzie LLP, Chicago, IL, *for Plaintiff-Appellant.*

CHRISTINE S. POSCABLO, Assistant United States Attorney (Christopher Connolly, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for Defendant-Appellants.*

T. Keith Fogg, Harvard Federal Tax Clinic, Jamaica Plain, MA; Carlton M. Smith, New York, NY, *for Amicus Curiae* Harvard Federal Tax Clinic.

————

JOHN M. WALKER, JR., *Circuit Judge*:

Pfizer Inc. and Subsidiaries ("Pfizer") appeals from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*) dismissing its claim against the United States for overpayment interest on its delayed tax refund. Because jurisdiction over Pfizer's claim for overpayment interest lies exclusively with the United States Court of Federal Claims, we vacate the judgment of the district court and transfer this case to the Court of Federal Claims. Judge Lohier concurs in a separate opinion.

**BACKGROUND**

Pfizer filed its 2008 federal income tax return on September 11, 2009. The return showed a tax overpayment of $769,665,651, and Pfizer asked the Internal Revenue Service to refund $500,000,000 and to apply the remaining balance of $269,665,651 to its estimated tax for 2009. The IRS processed Pfizer's return and prepared six refund checks totaling $499,528,499[1] to issue on October 19, 2009.

Pfizer never received the refund checks. It contacted the IRS multiple times between December 2009 and February 2010 to inquire about the status of the refund. The IRS eventually canceled the checks and, on March 19, 2010, the IRS deposited the $499,528,499 overpayment refund directly into Pfizer's bank account.

Three years after receiving that refund, Pfizer filed a claim requesting interest on the tax overpayment, as allowed under 26 U.S.C. § 6611(a). Two months later, on May 20, 2013, the IRS informed Pfizer that its records indicated that Pfizer's refund checks were issued on October 19, 2009 and disallowed Pfizer's claim for overpayment interest. Pfizer unsuccessfully appealed to the IRS's Office of Appeals.

On March 11, 2016, Pfizer filed suit in federal district court, invoking the district court's subject-matter jurisdiction under 28 U.S.C. § 1346(a)(1). It sought $8,298,048 in overpayment interest

---

[1] The total $499,528,499 refund differed slightly from the amount requested because a portion of the overpayment was applied to Pfizer's tax year ending on December 31, 2007.

calculated from the date its return was due (March 15, 2009) to the date it received its refund (March 19, 2010).

The district court rejected the government's first request to dismiss the action or, in the alternative, transfer it to the United States Court of Federal Claims for lack of subject-matter jurisdiction. The government again moved to dismiss Pfizer's complaint, this time on the grounds that Pfizer failed to file its claim within the two-year statute of limitations the government argued applied under the tax code. The district court granted the government's motion to dismiss. Pfizer moved for reconsideration; that motion was denied. Pfizer now appeals that judgment. But because we vacate the district court's judgment for lack of subject-matter jurisdiction, we address only the jurisdictional issue.

## DISCUSSION

"In any suit in which the United States is a defendant, there must be a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity."[2] There is no dispute that 26 U.S.C. § 6611(a) provides Pfizer with the necessary substantive waiver of sovereign immunity to allow it to seek overpayment interest from the United States.[3]

Whether the district court had subject-matter jurisdiction over this claim, however, is another matter. When it filed suit in federal district court, Pfizer invoked the court's subject-matter jurisdiction

---

[2] *Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999).

[3] *See* 26 U.S.C. § 6611(a) ("Interest shall be allowed and paid upon any overpayment in respect of any internal revenue tax . . . ."); *see also Exxon Mobil Corp. & Affiliated Cos. v. Comm'r of Internal Revenue*, 689 F.3d 191, 201–02 (2d Cir. 2012).

under 28 U.S.C. § 1346(a)(1), which provides that the district courts and the Court of Federal Claims have concurrent jurisdiction over

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

Thus, Pfizer's claim for overpayment interest must be an action seeking "recovery" of one of three things: (1) an "internal-revenue tax alleged to have been erroneously or illegally assessed or collected," (2) a "penalty claimed to have been collected without authority," or (3) a "sum alleged to have been excessive or in any manner wrongfully collected" under the tax laws. If overpayment interest is not properly placed in one of these categories, then, under the Tucker Act, 28 U.S.C. § 1491(a)(1), the Court of Federal Claims has exclusive jurisdiction.

Overpayment interest does not fall under any of the three categories listed in § 1346(a)(1) because each addresses types of refund claims that are wholly different from actions seeking some sort of refund.

**1. Overpayment interest is neither an "internal-revenue tax alleged to have been erroneously or illegally assessed or collected" nor a "penalty claimed to have been collected without authority"**

The first two categories listed in § 1346(a)(1) plainly do not apply in this case. First, overpayment interest cannot be an "internal-revenue tax alleged to have been erroneously or illegally assessed or

collected" for the simple reason that overpayment interest is not a tax. While overpayment interest is related to the tax refund, it is not itself the subject of an action seeking a tax-related refund. Simply because the government commits to compensating an overpaying party for the time value of that overpayment, does not render that interest payment a "tax."[4]

Two district courts in our circuit have concluded that, under § 1346(a)(1), overpayment interest constitutes an "internal-revenue tax" under the meaning of the statute.[5] Of course, we are not bound by these decades-old holdings, but, more to the point, we do not find their reasoning persuasive. In *Trustees of Bulkeley School*, the District of Connecticut held that "a taxpayer has not received a full refund . . . until he has recovered not only the nominal amount of the collection but also an amount of interest that will compensate him for the loss of the use of his money . . . ."[6] While the taxpayer is entitled to the overpayment interest under § 6611, that reason cannot shoehorn overpayment interest into the definition of a "tax." Overpayment interest is something else.

Likewise, in *Triangle Corp.*, the district court noted that § 1346(a)(1)'s jurisdictional grant did not "expressly state" that the district court had jurisdiction over overpayment suits, but nonetheless concluded that jurisdiction must include overpayment

---

[4] *See also E.W. Scripps Co. & Subsidiaries v. United States*, 420 F.3d 589, 596 (6th Cir. 2005) (recognizing that it was at least "arguable that interest on an overpayment of tax does not fall within the scope of 'any internal-revenue tax'" but declining to reach the issue).

[5] *See Trs. of Bulkeley Sch. v. United States*, 628 F. Supp. 802, 803 (D. Conn. 1986); *Triangle Corp. v. United States*, 592 F. Supp. 1316, 1317 (D. Conn. 1984).

[6] 628 F. Supp. at 803.

interest for the sole reason that "Congress, in enacting 28 U.S.C. § 1346(a)(1), could not reasonably have intended to leave taxpayers with no forum in which to enforce substantive rights granted by [26 U.S.C. §] 6611."[7] In addition to the district court's mistaken belief that the plaintiff would be left without a forum in which to pursue its claim, this decision offers little to unsettle the plain conclusion that overpayment interest is not, in fact, a tax.

We also immediately rule out the second § 1346(a)(1) category, "any penalty claimed to have been collected without authority," because overpayment interest is plainly not a penalty of any kind.

### 2. Overpayment interest is not "a sum alleged to have been excessive or in any manner wrongfully collected"

The district court, relying on the Sixth Circuit's decision in *Scripps*, determined it had jurisdiction over Pfizer's overpayment-interest suit because Pfizer sought "recovery of . . . a sum alleged to have been excessive."[8] The Sixth Circuit in *Scripps* concluded that overpayment interest suits fell under the "any sum" category of § 1346(a)(1).[9] Citing Congress's purpose to allow the payment of overpayment interest, *Scripps* held: "If the [g]overnment does not compensate the taxpayer for the time-value of the tax overpayment, the [g]overnment has retained more money than it is due, i.e., an 'excessive sum.'"[10] The decision also relied on dictum in *Flora v.*

---

[7] 592 F. Supp. at 1317.

[8] *Pfizer, Inc. v. United States*, No. 16-cv-1870 (LGS), 2016 WL 6902196, at *2–3 (S.D.N.Y. Oct. 31, 2016).

[9] *Scripps*, 420 F.3d at 596–97.

[10] *Id.* at 597.

*United States*, 362 U.S. 145 (1960), where the Supreme Court observed that "any sum" in § 1346(a)(1) "may refer to amounts which are neither taxes nor penalties . . . [o]ne obvious example of such a 'sum' is interest."[11]

We disagree with the Sixth Circuit's analysis in *Scripps*. First, the Supreme Court's decision in *Flora* is inapplicable to the question we face. In *Flora* the Court considered whether § 1346(a)(1) conferred jurisdiction on the district courts over refund suits where the taxpayer had paid only part of a deficiency assessment and sought a refund of that partial payment.[12] In rejecting the taxpayer's argument that "any sum" in § 1346(a)(1) captured a suit to recover a refund of a partial tax payment, the Court held that "any sum" was not "related to 'any internal-revenue tax' and 'any penalty,'" but that "any sum" "may refer to amounts which are neither taxes nor penalties . . . [o]ne obvious example of such a 'sum' is interest."[13] The Court went on to explain: "many old tax statutes described the amount which was to be assessed under certain circumstances as a 'sum' to be added to the tax."[14] Read properly in context, the *Flora* court plainly had additional tax assessments in view when it mentions "interest" as a "sum" under § 1346(a)(1). And deficiency interest—not overpayment interest—fits squarely into the types of *assessments* that may be added to a payment that are not strictly a "penalty" or a "tax."

---

[11] *Flora*, 362 U.S. at 149.

[12] *Id.* at 147–48.

[13] *Id.* at 149.

[14] *Id.*; *see id.* at 150 n.4 (citing old tax statutes).

The tax laws also reflect this distinction between deficiency interest and overpayment interest. 26 U.S.C. § 6601, which addresses "interest on underpayment, nonpayment, or extensions of time for payment of tax," directs that "[i]nterest prescribed under this section on any tax shall be . . . assessed, collected, and paid in the same manner as taxes."[15] Overpayment interest, on the other hand, is governed by § 6611, which does not contemplate such interest as "an integral part of the tax."[16] Thus, deficiency interest is treated as part of the underlying tax, while overpayment interest "is simply a general debt of the government."[17]

Thus, upon close examination, *Flora*'s passing statement that "one obvious example of such a 'sum' is interest" has no relevance here, and we arrive at what ought to have been the beginning of our inquiry: the text of the statute.[18] To find that overpayment interest qualifies as the type of "sum" encompassed by § 1346(a)(1) strains the plain text of the statute beyond what it can bear. This statute contemplates an amount of money—a "sum"—previously assessed

---

[15] § 6601(e)(1).

[16] *See Alexander Proudfoot Co. v. United States*, 454 F.2d 1379, 1382 (Ct. Cl. 1972); *see id.* at 1384 ("[T]he Revenue Code deals quite differently with statutory interest payable by the Government on overpayments . . . . Unlike deficiency interest paid by the taxpayer, Congress did not provide that statutory interest to be paid by the United States is to be fully assimilated in treatment to the principal amount of a tax.").

[17] *General Elec. Co. & Subsidiaries v. United States*, 384 F.3d 1307, 1312 (Fed. Cir. 2004) (citing *Proudfoot*, 454 F.2d at 1384).

[18] *See Townsend v. Benjamin Enterps., Inc.*, 679 F.3d 41, 48 (2d Cir. 2012) ("As in all statutory construction cases, we begin with the language of the statute." (internal quotation marks and citation omitted)).

or retained by the government—"alleged to have been"—which exceeded the proper amount—"excessive."

The first two categories listed in § 1346(a)(1)—"internal-revenue tax" and "penalty"—both address types of taxpayer claims that seek to recover funds that the taxpayer has already paid to the IRS. As the more general term, "any sum" is properly construed in harmony with these more specific terms. An expansive construction of "any sum" in § 1346(a)(1) would violate the canon of construction *noscitur a sociis*, or, "a word is known by the company it keeps."[19] And "any sum" finds itself in fellowship with terms that plainly refer to amounts the taxpayer has previously paid to the government and which the taxpayer now seeks to recover. Overpayment interest is not such an amount, and so it does not fall with the meaning of "any sum" in this jurisdictional provision. [20]

Moreover, the expanded phrase of this provision—"any sum alleged to have been excessive or in any manner wrongfully collected"—supports the interpretation that the term "any sum," just

---

[19] *Yates v. United States*, 135 S. Ct. 1074, 1085 (2015); *see United States v. Williams*, 553 U.S. 285, 294 (2008) ("a word is given more precise content by the neighboring words with which it is associated"); *Beecham v. United States*, 511 U.S. 368, 371 (1994) ("That several items in a list share an attribute counsels in favor of interpreting the other items as possessing that attribute as well.").

[20] This does not conflict with the Supreme Court's pronouncement in *Flora* that "'any sum,' instead of being related to 'any internal-revenue tax' and 'any penalty,' may refer to amounts which are neither taxes nor penalties." *Flora*, 362 U.S. at 149. In *Flora* the Supreme Court rejected the argument that "any sum" included a suit "for refund of part of a tax" because "any sum" instead referred not to types of "tax" or "penalty" but to other types of assessments. *Id.* What we now hold is that, while "any sum" refers to assessments that are not a "tax" or a "penalty," the types of assessments that fall under the "any sum" category are limited in kind by the preceding two specific categories.

like "tax" and "penalty," refers to an amount previously paid to the IRS by the taxpayer. The use of the present-perfect tense in the language of the statute indicates that the "sum" must have been "excessive" or "wrongfully collected" at some point in the past (known or unknown) and that that condition touches the present.[21] This, like a tax or a penalty, indicates that a "sum alleged to have been excessive" or "wrongfully collected" is an assessment previously paid by the taxpayer. By its nature, overpayment interest is not a sum that, at some point in the past, was either excessive or wrongfully collected. Plainly the sum was never "wrongfully collected." Neither was it "excessive," which means "exceeding the usual, proper, or normal."[22] "Excessive" assumes that there exists a sum that is not excessive that may not be recovered, which is not the case here. Thus, consistent with a "tax" and a "penalty," the "sum" category of § 1346(a)(1) encompasses only previously assessed amounts of money.

To be sure, overpayment interest bears a relationship to Pfizer's tax overpayment which, if that overpayment had been assessed, would have fit within the language of § 1346(a)(1). But the two amounts are different in a crucial way: the overpayment was assessed and either "excessive" or "wrongfully collected," or both, but the interest on the overpayment was not. So the fact that the two are related does not bring the latter within § 1346(a)(1).

Thus, overpayment interest is a straightforward claim against the federal government and is therefore covered by the Tucker Act, which vests exclusive jurisdiction in the United States Court of

---

[21] *See* Bryan A. Garner, Garner's Modern English Usage 896–97 (4th ed. 2016).

[22] Webster's Third International Dictionary 792 (1986).

Federal Claims to hear any non-tort "claim against the United States founded . . . upon . . . any Act of Congress . . . ."[23]

<strong>CONCLUSION</strong>

The judgment of the district court is VACATED, and this case is TRANSFERRED to the United States Court of Federal Claims under 28 U.S.C. § 1631.[24]

---

[23] 28 U.S.C. § 1491(a)(1).

[24] *See Ruiz v. Mukasey*, 552 F.3d 269, 273 (2d Cir. 2009).

LOHIER, *Circuit Judge*, concurring:

I agree with the majority that this case should be dismissed and transferred to the Court of Federal Claims. I write separately to note that, in my view, Pfizer would have been completely out of luck had we assumed statutory jurisdiction and addressed the merits. This is because its suit is barred by the applicable two-year statute of limitations period contained in 26 U.S.C. § 6532(a)(1). Contrary to Pfizer's argument, the six-year limitations period contained in 28 U.S.C. § 2401(a) does not apply.

1.    <u>Relevant Law</u>

As the majority opinion makes clear, the central provision in this case, 28 U.S.C. § 1346(a)(1), bestows on district courts and the Court of Federal Claims concurrent jurisdiction over

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1). The jurisdiction of district courts under § 1346(a)(1) is limited by three provisions of the Internal Revenue Code, which together "qualify a taxpayer's right to bring a refund suit upon compliance with certain

conditions." United States v. Dalm, 494 U.S. 596, 601 (1990).  The first of these provisions, 26 U.S.C. § 7422(a), "track[s] the language of § 1346(a)(1)," id., and forecloses a suit for a tax refund unless an administrative claim for the refund is first filed with the Secretary of the Treasury:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).  The second relevant provision, 26 U.S.C. § 6511(a), requires that a refund claim be filed with the Secretary "within 3 years from the time the return [for the relevant tax] was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid."  26 U.S.C. § 6511(a).  The third and final provision, 26 U.S.C. § 6532(a)(1), provides that "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the

2

taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1).

Any plaintiff who invokes jurisdiction under § 1346(a)(1) must first file a refund claim under § 7422(a) within the time period prescribed by § 6511(a). If that claim is rejected, § 6532(a)(1) generally gives the plaintiff two years to file suit in a district court or the Court of Federal Claims. For any claim against the Government for non-tort damages exceeding $10,000 that does not fall within § 1346(a)(1) jurisdiction, the Court of Federal Claims has jurisdiction, and the statute of limitations is six years.[1] See 28 U.S.C. §§ 1346(a)(2), 1491(a)(1), 2401(a), 2501; Gen. Elec. Co. & Subsidiaries v. United States, 384 F.3d 1307, 1312 (Fed. Cir. 2004).

2. Applicable Statute of Limitations

At Pfizer's urging, the District Court held (wrongly, as the majority opinion points out) that it had jurisdiction under § 1346(a)(1) because a suit for overpayment interest is a suit for the recovery of "a sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue

---

[1] Claims against the Government for non-tort money damages not exceeding $10,000 may be brought in either district court or the Court of Federal Claims. See 28 U.S.C. § 1346(a)(2).

laws." App'x 35–36; see App'x 42. Even if the District Court had been right about its jurisdiction, Pfizer, having affirmatively invoked the District Court's jurisdiction under § 1346(a)(1), would then have been subject to the two-year statute of limitations imposed by §§ 7422(a) and 6532(a)(1) for actions brought under § 1346(a)(1). A brief review of §§ 7422(a) and 6532(a)(1) confirms this conclusion.

Any action that falls within the scope of § 1346(a)(1) right away implicates § 7422(a), "which, tracking the language of § 1346(a)(1), limits a taxpayer's right to bring a refund suit . . . ." Dalm, 494 U.S. at 601; see id. ("Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions."); EC Term of Years Tr. v. United States, 550 U.S. 429, 431 & n.2 (2007). Specifically, § 7422(a) prohibits the filing of a suit for the "recovery of . . . any sum alleged to have been excessive or in any manner wrongfully collected"—the same language as § 1346(a)(1)—until after an administrative claim has been filed. 26 U.S.C. § 7422(a). Once an administrative claim is filed, § 6532(a)(1) requires the taxpayer to file suit within two years "from the date of mailing by certified mail or registered mail . . . of a notice of the disallowance of

4

the part of the claim to which the suit or proceeding relates." 26 U.S.C. § 6532(a)(1). Had we determined that jurisdiction existed, therefore, we would have had to conclude that the suit was properly dismissed because Pfizer failed to file suit within two years of May 10, 2013, when the IRS sent a notice disallowing Pfizer's claim.

Citing Exxon Mobil Corp. & Affiliated Cos. v. Commissioner, 689 F.3d 191 (2d Cir. 2012), Pfizer insists that this Court has already held that the period of limitations for an allowable interest claim under 26 U.S.C. § 6611(a) is six years. See id. at 198 n.9. But Exxon Mobil arose on appeal from the United States Tax Court, see Exxon Mobil Corp. & Affiliated Cos. v. Comm'r., 136 T.C. 99, 110 (2011), and we did not there address jurisdiction over a suit under § 1346(a)(1). Pfizer also points out that the IRS's relevant revenue rulings assert that a suit for overpayment interest under § 6611(a) is subject to the general six-year statute of limitations. See Rev. Rul. 57-242, 1957-1 C.B. 452; Rev. Rul. 56-506, 1956-2 C.B. 959. But none of these rulings refers to cases brought under § 1346(a)(1). Finally, relying on the Sixth Circuit's decision in E.W. Scripps Co. & Subsidiaries v. United States, 420 F.3d 589 (6th Cir. 2005), Pfizer also argues that § 7422 does not even apply to suits filed under § 1346(a)(1). In E.W. Scripps, the Sixth Circuit

5

explained that § 1346(a)(1) and § 7422(a) "serve different functions" notwithstanding their "parallel language." Id. at 597–98. Accordingly, the Sixth Circuit suggested in dicta that a taxpayer could bring suit to collect overpayment interest under § 1346(a)(1) without satisfying § 7422(a)'s administrative claim requirement.[2] Id. at 598. But E.W. Scripps nowhere addressed whether the two-year limitations period of § 6532(a)(1) should apply. And, in any event, it contradicts the Supreme Court's subsequent statement, in EC Term of Years Trust, that a "tax-refund action under 28 U.S.C. § 1346(a)(1) . . . begins with an administrative claim . . . and may be brought to court within another two [years] after an administrative denial." 550 U.S. at 431; see also id. at 431 n.2 ("A taxpayer may bring . . . an action [under § 1346(a)(1)] within two years after the IRS disallows the taxpayer's administrative refund claim." (citing 26 U.S.C. §§ 6532(a)(1)–(2), 7422(a))).

Ultimately, even if the District Court had jurisdiction in this case, Pfizer cannot have it both ways by exploiting the jurisdiction of the district court under

_____

[2] Because the taxpayer in E.W. Scripps filed an administrative claim and then filed suit within two years, id. at 591–92, the Sixth Circuit did not need to decide whether § 7422(a) applied to a suit brought under § 1346(a)(1) and was not confronted with the precise merits issue presented in this case.

6

§ 1346(a)(1) without meeting the two-year statute of limitations applicable to that provision.[3]

Because I ultimately agree that the District Court lacked jurisdiction over Pfizer's claim, I concur in the majority's decision to transfer this case to the Court of Federal Claims as required under 28 U.S.C. § 1631. Pfizer now has a second chance to recover its overpayment interest. Had we reached the merits of Pfizer's appeal, it would have been, as I said at the beginning, out of luck and unable to recover anything at all.

---

[3] Nor would equitable tolling, even if it were available, have been appropriate here. Pfizer did not adequately allege an "extraordinary circumstance" preventing it from meeting the two-year deadline. <u>Lozano v. Montoya Alvarez</u>, 572 U.S. 1, 10 (2014).