20-3380-cv
Bey v. Trump

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of June two thousand twenty-one.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             STEVEN J. MENASHI,
                       *Circuit Judges*.

_____

MESSIAH ALI BEY, PRIVATE ATTORNEY GENERAL,
IN FULL CAPACITY, STANDING & STATUS ON THE
BEHALF OF THE MOORISH SON'S AND DAUGHTERS
OF LIGHT INTERNATIONAL INSTITUTE, MOORISH
AMERICAN SOCIETY AT LARGE CONSCIOUS AND
UNCONSCIOUS IN THE U.S.A. WITH FULL
LEGAL CAPACITY, STAN,
                       *Plaintiff-Appellant*,

                 v.                                          20-3380-cv

DONALD J. TRUMP, DBA THE UNITED STATES,

                       *Defendant-Appellee*,

THE ESTATE OF ABRAHAM LINCOLN,

                       *Defendant*.
_____

Appearing for Appellant:     Messiah Ali Bey, pro se, Bronx, N.Y.

Appearing for Appellee:      No appearance

Appeal from the United States District Court for the Southern District of New York (Ramos, *J.*).

   **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

   Messiah Ali Bey, pro se, sued Donald J. Trump "doing business as the United States," and the estate of Abraham Lincoln (the "Lincoln Estate") on behalf of "Moorish American Society at Large," alleging that the defendants violated federal and state law by enslaving the Moors. He sought certain equitable relief and damages. The district court sua sponte dismissed the claims against Trump and the Lincoln Estate as barred by presidential immunity, dismissed any claims against the United States as barred by sovereign immunity, and denied leave to amend. Bey moved for reconsideration under Federal Rule of Civil Procedure 60(b)(1), arguing that his claims fell within the limited waiver of federal sovereign immunity in the Tucker Act, 28 U.S.C. § 1491. Bey appeals from the denial of that motion. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

   Bey has abandoned any appellate challenge to the dismissal of his claims against Trump and the Lincoln Estate by failing to address the claims in his brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). Additionally, Bey does not address his claims regarding the district court's dismissal of his Tucker Act argument in his brief except in passing. We therefore do not consider this argument. *See Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 188 (2d Cir. 2014) ("Generally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration.") (internal quotation marks omitted); *Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (pro se litigant waived argument on appeal by raising it only "obliquely and in passing").

   We review the denial of a motion for reconsideration for abuse of discretion. *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015). A court abuses its discretion if it bases its ruling on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted). The district court did not exceed the bounds of its discretion here.

   First, the district court correctly determined that sovereign immunity bars Bey's claims for money damages. If Bey's claims were premised on constitutional violations, "the United States has not waived its sovereign immunity with respect to claims that its employees have committed constitutional torts." *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994). And if Bey's claims were premised on negligence or other nonconstitutional torts, he was required to comply with the FTCA's exhaustion requirements, which he did not do. *See id.* ("[A] claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA."); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (FTCA exhaustion requirement "is jurisdictional and cannot be waived").

Insofar as the complaint sought injunctive relief not barred by sovereign immunity, it was "frivolous on its face." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983). Bey alleged, among other things, that the United States genetically engineered persons of Moorish and African descent, permitted white Americans to retain intellectual property rights over black Americans, and "continues to manufacture slaves using updated manufacturing trade secrets." These allegations were "clearly baseless," *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992), and "courts have no obligation to entertain pure speculation and conjecture," *Gallop v. Cheney*, 642 F.3d 364, 368–69 (2d Cir. 2011) (upholding sua sponte dismissal of complaint alleging that the United States facilitated the 9/11 attacks).

We generally review a denial of leave to amend for abuse of discretion, but review is de novo when the denial "is based on a legal interpretation, such as a determination that amendment would be futile." *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). A pro se litigant should be granted leave to amend a complaint at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks omitted). However, district courts may deny leave to amend "for good reason, including futility." *Eastman Kodak Co. v. Henry Bath LLC*, 936 F.3d 86, 98 (2d Cir. 2019) (internal quotation marks omitted).

Bey requests that the Court remand so he can file an amended complaint, presumably to add claims under the Tucker Act. Amendment would be futile. Even if Bey could assert claims under the Tucker Act, that Act vests jurisdiction only in the United States Court of Federal Claims to adjudicate certain claims against the United States. 28 U.S.C. § 1491(a)(1); *Pfizer Inc. v. United States*, 939 F.3d 173, 179 (2d Cir. 2019). And the Little Tucker Act grants district court concurrent jurisdiction over such claims, but only when the amount sought is less than $10,000. *Id.* § 1346(a)(2); *Adeleke v. United States*, 355 F.3d 144, 151–52 (2d Cir. 2004). Bey sought damages of more than a quadrillion dollars, thus the district court would not have had jurisdiction. *Adeleke*, 355 at 151–52. The defect with Bey's complaint "is substantive; better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). The district court therefore properly denied him leave to amend.

We have considered the remainder of Bey's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk